UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FCA US LLC,

                Plaintiff,                       Case No. 17-cv-13972
                                                        Hon. Mark A. Goldsmith
vs.


PATREA BULLOCK,

                Defendant.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION TO SUBMIT SUPPLEMENTAL BRIEF AND
## DOCUMENTS FOR AN IN CAMERA REVIEW (Dkt. 27)

This matter is before the Court on Plaintiff FCA US LLC's ("FCA") motion to submit supplemental brief and documents for an in camera review (Dkt. 27). FCA previously filed a motion for a temporary restraining order (Dkt. 2), and at a hearing on the motion, counsel for FCA indicated that it would like to submit additional materials in support of its motion. The Court permitted FCA to do so. See 1/5/2018 Order Regarding Additional Filings (Dkt. 25). FCA now seeks to submit those additional materials in camera so that they are not disclosed to Defendant Patrea Bullock. For the reasons that follow, the Court denies FCA's motion.

## I. BACKGROUND

Defendant Patrea Bullock is an attorney who previously worked for two law firms in California, Universal & Shannon, LLP ("U&S") and Gates, O'Deherty, Gonter & Guy LLP ("GOGG"). Compl. ¶¶ 8, 20 (Dkt. 1). Plaintiff FCA was a client of both U&S and GOGG, and during Bullock's time working for these law firms, she worked on dozens of breach of warranty cases for FCA. Id. ¶¶ 9, 21. In April 2017, Bullock signed a confidentiality agreement regarding

1

certain client confidential information learned about FCA.  Id. ¶ 19; see also Confidentiality Agreement, Ex. 1-A to Compl. (Dkt. 1-2).

Bullock stopped working for GOGG in October 2017 and opened her own practice. Compl. ¶ 30.  On November 20, 2017, Bullock served FCA with a breach of warranty case in California, Brown v. FCA US LLC, No. 34-2017-00222086 (Super. Ct. of Cal., Sacramento), where Bullock was listed as the plaintiff's counsel of record.  Id. ¶ 31.  FCA then filed the instant complaint, alleging claims for breach of contract, misappropriation of trade secrets, violation of federal trade secret laws, breach of fiduciary duty, and injunctive relief.

FCA simultaneously filed a motion for a temporary restraining order, requesting that the Court enjoin Bullock from filing breach of warranty lawsuits against FCA and divulging any of FCA's confidential or proprietary information, among other requests.  Pl. Mot. for TRO at 15-16 (Dkt. 2).  At a hearing on the motion, counsel for FCA indicated that FCA would like to file a supplemental brief with additional confidential information in support of its motion.  The Court subsequently entered a stipulated protective order (Dkt. 26).  FCA then filed the instant motion requesting that the Court permit it to submit its supplemental brief and documents for an in camera review.

## II.  ANALYSIS

FCA argues that it should be permitted to provide certain information to the Court for an in camera review, so that the public and "FCA US's competitors" (which it describes as "Plaintiffs firms such as Bullock's firm") cannot learn its strategies for defending breach of warranty cases. Def. Mot. at 8 (Dkt. 27).  FCA argues that the materials it would submit are "confidential, privileged and work-product documents" and should be disclosed neither to Bullock nor to the public.  Id. at 1.

The Sixth Circuit has recognized that "the attorney-client privilege cannot at once be used as a shield and a sword." Ross v. City of Memphis, 423 F.3d 596, 604 (6th Cir. 2005). This means that a party may not "mak[e] the content of communications a factual basis of a claim" and then use the attorney-client privilege "as a shield to prevent . . . testing of the claim[.]" Id. at 604 n. 5. But that is precisely what FCA seeks to do here – it wants to rely on these documents to support its motion for a TRO, and simultaneously shield them from any critique by Bullock by claiming privilege or work-product protection. This would result in extreme unfairness to Bullock, because – if it granted FCA's motion for a TRO – the Court would be prohibiting Bullock from representing clients based on evidence from FCA that she cannot even challenge or attempt to rebut.

The authorities that FCA relies upon do not support its position. Several of the cases simply stand for the proposition that a court has authority to seal certain documents and prevent them from being viewed by the public. See, e.g., Carter v. Welles-Bowen Realty, Inc., 628 F.3d 790, 790-791 (6th Cir. 2010) (noting that briefs that contain confidential information may be filed under seal); In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983) (describing limits on the public's right of access to judicial records). This Court has already provided FCA such protection by entering a protective order. FCA also cites United States v. Straughter, 950 F.2d 1223 (6th Cir. 1991), in which the district court conducted an in camera review of documents, but that criminal case concerned the identity of a confidential informant, whose life would be significantly endangered if his or her identity were revealed. The instant case does not present those same concerns.

Finally, FCA cites cases in which the court considered a motion to disqualify an attorney from litigation based on the "substantial relationship" between the attorney's former representation and the current matter where he would be adverse to the former client. See U.S. Football League

v. Nat'l Football League, 605 F. Supp. 1448 (S.D.N.Y. 1985); T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265 (S.D.N.Y. 1953).[1]  Both cases note that courts do not typically require the disclosure of client secrets from the first representation to establish whether the matters are "substantially related"; rather the law presumes secrets were shared in the former representation without such proof.  U.S. Football League, 605 F. Supp. at 1461; T.C. Theatre, 113 F. Supp. at 268-269.   But the issue here is not whether FCA must make such disclosures to the Court to establish its case; the issue here is whether FCA is free to make such disclosures only to the Court and bar its former lawyer and current litigation opponent from viewing such evidence.  FCA's cases do not address the unfairness of barring a lawyer from representing clients with no knowledge of evidence that her opposing party thinks is significant to the Court's decision.

Although a protective order has been entered in this case, FCA expresses its concern that Bullock would be allowed access to any documents filed under seal, because her "prior actions establish she cannot be trusted to uphold her ethical obligations[.]"  Def. Mot. at 4.  But this Court has not yet made any determination regarding whether Bullock has violated her ethical obligations, and Bullock is well aware that the protective order prohibits her from using any information designated as confidential "for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof."  1/9/2018 Stipulated Protective Order at 6 (Dkt. 26).  The Court, therefore, finds no reason to believe that the protections offered by the stipulated protective order are insufficient.  If FCA disagrees, it is free to rest on the record thus far and refrain from submitting additional materials.

---

[1] FCA also cites to a case from the Michigan Court of Appeals, Alpha Capital Management, Inc. v. Rentenbach, 792 N.W.2d 344 (Mich. Ct. App. 2010), where the court considered this substantial relationship test in the context of a claim for breach of fiduciary duty.  This case is distinguishable for the same reasons that distinguish U.S. Football League and T.C. Theatre.

### III. CONCLUSION

For the reasons provided, Plaintiff FCA's motion to submit its supplemental brief and documents for an in camera review (Dkt. 27) is denied. On or before February 13, 2018, FCA shall either file a supplemental brief containing the documents it would like the Court to consider with respect to its motion for a TRO, or otherwise inform the Court that it would like the Court to consider its motion based on the existing record.

SO ORDERED.

Dated: February 6, 2018               s/Mark A. Goldsmith
Detroit, Michigan                     MARK A. GOLDSMITH
                                      United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2018.

                                      s/Karri Sandusky
                                      Case Manager