UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FCA US LLC,

        Plaintiff,                          Case No. 17-cv-13972
                                               Hon. Mark A. Goldsmith
vs.

PATREA BULLOCK,

        Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION (Dkt. 74)**

On January 18, 2019, this Court entered an opinion and order granting in part and denying in part Plaintiff FCA US LLC's ("FCA") motion to compel (Dkt. 71). FCA timely filed a motion for reconsideration (Dkt. 74). For the reasons set forth below, FCA's motion is denied.

        **I.     BACKGROUND**

FCA alleges that Defendant Patrea Bullock, an attorney formerly working for Gates, O'Doherty, Gonter & Guy LLP ("GOGG"), took confidential client information regarding FCA, misappropriated trade secrets, and breached both a contract and her fiduciary duty. FCA filed a motion to compel Bullock to, inter alia, produce her personal computer and cell phone for imaging (Dkt. 53). This Court denied that motion in part and granted it in part, finding that ordering imaging of Bullock's personal devices was not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(2)(C). FCA US LLC v. Bullock, 329 F.R.D. 563, 569 (E.D. Mich. 2019). FCA now asks the Court to reconsider its order.

        **II.    STANDARD OF REVIEW**

1

Motions for reconsideration may be granted when the moving party shows: (i) a palpable defect; (ii) by which the court and the parties were misled; and (iii) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006).

### III. ANALYSIS

FCA raises three reasons why this Court should reconsider its January 18, 2019 opinion. First, FCA argues that the Court erred by ordering Bullock to produce documents in her possession that Bullock had previously denied were in her possession. Pl. Mot. at 2. Bullock had claimed that she could not access deleted files and, therefore, had not produced them. Bullock, 329 F.R.D. at 569 (citing Bullock's response to FCA's request for production). The Court ruled that these documents were discoverable and therefore, "to the extent that Bullock has deleted files in her possession that are non-privileged and responsive to FCA's discovery requests, she must produce those files." Id. FCA argues that this was error because it does not require Bullock to identify which FCA documents she actually took, and "FCA is entitled to know which documents she took." Pl. Mot. at 6-7.

The Court ordered Bullock to retain an independent computer specialist if she was unable to access the deleted files herself. Bullock, 329 F.R.D. at 569. Bullock did so, and the computer specialist was able to produce copies of the deleted files found on Bullock's computer. Def. Resp. to Mot. for Recon. at 6 (Dkt. 78). After reviewing these documents, it became apparent that the deleted files had already been produced. Id. Bullock has, therefore, handed over all documents in

2

her possession and has repeatedly stated that she does not have any further documents. The Court fails to see how this ruling constitutes palpable error. As discussed in the January 18, 2019 opinion and discussed further below, the Court does not find that an imaging is warranted. The Court's ruling ensured that FCA now has access to any and all documents in Bullock's custody and control.

Second, FCA argues that the Court erred in characterizing FCA's need for imaging as solely to ensure that Bullock is not intentionally failing to produce documents. FCA argues that it is entitled to an imaging to support its claims, and claims that it was error for this Court to find that "FCA needed to establish that [Bullock] had been dishonest in responding to discovery before imaging is warranted." Pl. Mot. at 7.

The Court made no such finding and did not require FCA to establish dishonesty. The Court observed that other courts had found imaging warranted when a party had been less than forthcoming about what documents were in its possession. Bullock, 329 F.R.D. at 567-568 (citing Ameriwood Indus., Inc. v. Liberman, No. 06-524, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006), and Balboa Threadworks, Inc. v. Stucky, No. 05-1157, 2006 WL 763668 (D. Kan. Mar. 24, 2006)). The Court considered this, along with the nature of FCA's claims and Bullock's interest in protecting her private, personal information, in concluding that FCA's request to image Bullock's personal devices was not proportional to the needs of the case. The Court agreed with FCA that its claims relate to the documents Bullock took on her computer. Bullock, 329 F.R.D. at 568 ("The information that Bullock has on her computer is certainly important to FCA's claims in this litigation."). But such an invasion of Bullock's privacy is simply not warranted, as explained in the Court's opinion – particularly when Bullock had already handed over all documents that she was able to and, now, has handed over all deleted documents.

Finally, FCA argues that the Court erred because, although evidence of Bullock's dishonesty is not required to warrant an order for imaging, there is substantial evidence of her dishonesty. Pl. Mot. at 14. FCA argues that Bullock (i) breached the Trial School Confidentiality Agreement, by using FCA's confidential and proprietary information to solicit clients and sue FCA; (ii) took documents from GOGG on her last day of work by loading them onto USBs; (iii) destroyed the USBs within ten days of doing so; and (iv) launched her own law firm where she took on clients to sue FCA. Pl. Mot. at 14-15.

FCA has repeatedly set forth its allegations against Bullock. The Court is aware that she transferred files from her GOGG computer and that she claims to no longer have access to the USB drives. The Court is also aware that Bullock has repeatedly stated that she has handed over all documents to FCA that she <u>does</u> have, and that she did not share any of FCA's documents with third parties.

FCA claims that Bullock "denied having taken any FCA files, but then she produced some." Pl. Mot. at 15. However, FCA does not point to where Bullock denied having taken the files. It is true that she has denied "misappropriating" files. <u>See, e.g.</u>, Def. Ans. at 11-12 (Dkt. 46) (denying that "[t]o FCA's detriment, Bullock misappropriated from FCA US its confidential and proprietary client information to benefit plaintiffs in warranty litigation against FCA US."). But such a denial is a denial of wrongful taking or use, not a denial of the fact that documents were taken; indeed, Bullock admitted she did take documents. <u>See id.</u> at 11 ("Defendant denies she has wrongfully used any of FCA US's proprietary or confidential information. Defendant admits by virtue of her position as an independent attorney representing FCA US she has some proprietary and confidential information . . . .").

It was not error – and certainly not "palpable error," see E.D. Mich. L.R. 7.1(h)(3) – for this Court to find that Bullock has complied with her discovery obligations and to find no cause to question whether she has produced all responsive documents. FCA has produced no evidence to the contrary.

## IV. CONCLUSION

For the reasons provided, FCA's amended motion for reconsideration (Dkt. 74) is denied.

SO ORDERED.


Dated: July 24, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge